UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

MOISES FERREIRA HONORIO MARTINS,

Petitioner,

v.

CHRISTOPHER CHESTNUT, *et al*.

Respondents.

Case No. 1:26-cv-06475 (VC)

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Re: Dkt. No. 1

Petitioner Moises Ferreira Honorio Martins filed a Petition for Writ of Habeas Corpus seeking release from ICE custody. *See* Dkt. No. 1. The petition raises claims that are functionally identical to those this Court, and many others within this district, have already addressed in prior orders. Fleeing Brazil, Petitioner entered the United States in 2019 with his father. *Id.* ¶ 23. He and his father were taken into custody by U.S. Customs and Border Patrol shortly thereafter. *Id.* ¶ 26; Dkt. No. 9-1 at 3. After a brief detention, Petitioner was released on his own recognizance and placed in removal proceedings. Dkt. No. 1 ¶¶ 27–28. The recognizance order states that it was issued pursuant to 8 U.S.C. § 1226(a). *See* Dkt. No. 1-2 at 9. Following his release, Petitioner had two children with his fiancé and worked in a restaurant. *See* Dkt. No. 1 ¶¶ 32–35.

In August 2025, Petitioner was charged with a domestic violence related offense following an argument with an ex-girlfriend. *Id.* ¶ 39. He maintained his innocence, and all charges against him were dropped in November 2025. *Id.* ¶ 40. On the same day that the charges were dropped, Petitioner was arrested by ICE while leaving the courthouse. *Id.* ¶ 41. He has now been detained for nearly a year while he awaits the outcome of his removal proceedings.

Petitioner alleges that the revocation of his conditional parole without any notice or an opportunity to be heard violated his Fifth Amendment right to due process. *See* Dkt. No. 1 ¶¶ 61–67, 78–85. Respondents do not substantively oppose Petitioner's due process claim, and instead only argue that "[d]etention in this case was pursuant to 8 U.S.C. § 1225(b)(2)(A)," but that Petitioner is "entitled to seek a custody redetermination hearing before an immigration judge" following the Ninth Circuit's ruling in *Rodriguez Vazquez v. Bostock*, 183 F.4th 1160 (9th Cir. 2026).

As Respondents acknowledge, the Ninth Circuit has rejected the government's argument that noncitizens who are present without admission and arrested in the interior of the United States may be mandatorily detained under § 1225(b)(2). *Id.* at 1165. Accordingly, Petitioner's detention is controlled by § 1226(a), which permits the government to release noncitizens in removal proceedings on bond or conditional parole. *Id.*

"While the Ninth Circuit concluded that a post-detention bond hearing generally satisfies due process for the detention of a noncitizen pending removal proceedings pursuant to 8 U.S.C. § 1226(a), it did not foreclose 'as-applied due process challenges to § 1226(a).'" *Perez Bueno v. Janecka*, No. 5:25-cv-03376-CAS-BFM, 2026 WL 309934, at *3 (C.D. Cal. Feb. 5, 2026) (citing *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1214 (9th Cir. 2022)). Where a noncitizen was *previously* released on his own recognizance under § 1226(a), due process requires that the government provide him with notice and a pre-deprivation hearing before summarily revoking his conditional parole. *See, e.g.*, *Alauddin v. Chestnut*, No. 1:26-CV-03541 (AMO), 2026 WL 1346863 (E.D. Cal. May 14, 2026); *Ozturk v. Lyons*, No. 1:26-CV-03484 (VC), 2026 WL 1354540 (E.D. Cal. May 14, 2026); *Zheng v. Warden*, No. 1:26-CV-03533 (EJD), 2026 WL 1354477 (E.D. Cal. May 14, 2026).

As Petitioner was previously released by the Government on his own recognizance, he was entitled to notice and an opportunity to be heard prior to his arrest by ICE. Further, Respondents have not argued that any urgent concerns would justify only providing post-deprivation process. *See Voldemir N.D.C. v. ERO/ICE US General Attorney*, No. 1:26-CV-

06279-MWJS, 2026 WL 2516706, at *2 (E.D. Cal. Aug. 25, 2026). Failure to provide Petitioner with pre-deprivation hearing entitles him to relief on his procedural due process claim.

Accordingly, IT IS HEREBY ORDERED that the Petition for Writ of Habeas Corpus is GRANTED. Respondents are ORDERED to immediately release Moises Ferreira Honorio Martins from their custody. Respondents shall not impose any additional restrictions on Petitioner, unless that is determined to be necessary at a future custody hearing. Respondents are permanently ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, which include, at a minimum, pre-deprivation notice describing the change of circumstances necessitating Petitioner's arrest and detention, and a timely hearing. At any such hearing, the Government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight, and Petitioner shall be allowed to have his counsel present.

The Clerk of the Court is directed to close this case and enter judgment for Petitioner. This Order resolves all pending motions.

**IT IS SO ORDERED.**

Dated: November 2, 2026

VINCE CHHABRIA
United States District Judge